UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDERICK PIÑA,<br><br>                    Plaintiff,<br><br>-against-<br><br>NEW YORK STATE GAMING COMMISSION; BRIAN O'DWYER; JOHN A. CROTTY; SYLVIA B. HAMER; MARTIN J. MACK; PETER J. MOSCHETTI JR.; MARISSA SHORENSTEIN; JERRY SKURNIK; SCIENTIFIC GAMES INTERNATIONAL, INC.,<br><br>                    Defendants. | 25-CV-4117 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

On July 11, 2024, Plaintiff filed a *pro se* complaint against the New York State Gaming Commission and its commissioners, alleging that Defendants violated his rights in connection with lottery tickets that he purchased. *See Pina v. New York State Gaming Comm'n*, No. 24-CV-5383 (LTS) (S.D.N.Y. filed July 11, 2024) ("*Pina I*"). By order dated July 23, 2024, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), and he filed an amended complaint on July 29, 2024. ECF 12. By order dated December 10, 2024, the Court dismissed the amended complaint with leave to replead. ECF 16. On December 12, 2024, Plaintiff filed a notice of interlocutory appeal. ECF 17. By Mandate issued on May 15, 2025, the Second Circuit dismissed the appeal "because the district court has not issued a final order as contemplated by 28 U.S.C. § 1291." ECF 18. *Pina I* remains open.

On May 13, 2025, Plaintiff filed this new complaint, along with an IFP application and request for summonses. (ECF 1-3.) In this complaint, Plaintiff names the Gaming Commission, its commissioners, and Scientific Games International, Inc. (ECF 1 at 1.) Plaintiff again asserts

that Defendants violated his rights in connection with lottery tickets that he purchased, and he states that "this new complaint cures previous deficiencies identified in the Court's December 10, 2024" order issued in *Pina I*. (*Id.* at 3.) On May 17, 2025, Plaintiff filed a "NOTICE OF FILING OF SUPPLEMENTAL EVIDENCE PURSUANT TO FRCP 15(d)." (ECF 6.)

Because Plaintiff indicates that he filed these pleadings in response to the Court's December 10, 2024 order issued in *Pina I*, the Court directs the Clerk of Court to (1) file this complaint and supplemental filing (ECF 1, 6) collectively as a second amended complaint in *Pina I*, the action pending under docket number 24-CV-5383; and (2) close this action without prejudice to the pending matter. Any further filings in connection with Plaintiff's claims must be filed only in the action under docket number 24-CV-5383.

Because Plaintiff has already been granted IFP status in *Pina I*, the motion for leave to proceed IFP in this matter is denied as unnecessary. Because Plaintiff is proceeding IFP, the Court must screen his complaint before issuing summonses. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The motion for issuance of summonses is therefore denied without prejudice.

## CONCLUSION

The Clerk of Court is directed to (1) file this complaint and supplemental filing (ECF 1, 6) collectively as a second amended complaint in *Pina I*, the action pending under docket number 24-CV-5383; and (2) close this action without prejudice to the pending matter.

3

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 20, 2025
             New York, New York

                                                     /s/ Laura Taylor Swain
                                                     LAURA TAYLOR SWAIN
                                            Chief United States District Judge